Nash, J.
We see no such error in the charge of the Judge below, as to authorize this Court to interfere with the judgment. The plaintiff is entitled to retain his verdict. It is not denied that John McKeethan, the intestate of the defendant, as the agent of the plaintiff, sold, in 1838, a negro man slave, and received the purchase money, which he converted to his own use. The money, so received by the intestate, was received by him to the use of the plaintiff. On the part of the defendant, however, it was insisted, that the slave so sold by the intestate, had belonged to one Dugald Blue, who died intestate in the year 1820, and that no action could be brought to recover the proceeds of the sale, except by his administrator. The principle contended for is correct. No action at law can be maintained, to collect the assets of a deceased man, but by his personal representative. This is not a case, however, for its application. The action is not brought to collect in the assets of Dugald Blue ; but the plaintiff seeks to recover the money in contest, upon a personal contract with the iutestate, John McKeethan. If an action had been brought by the plaintiff against the intestate, to recover the negro, before the sale, or the proceeds of the sale, the intestate could not have been heard to deny the title of the plaintiff in either case ; so neither can the defendant who stands in his place. See Dunwoody v. Carrington, 2 Car. L. R. 469. Means v. Hogan. 2nd Ire. Eq. 525. Love v. Edmonds, 1 Ire. Rep, 152. Story on Agency, sec. 217.
Per CuriAm, Judgment affirmed.